CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-Mail: honolululawyer@outlook.com

Attorneys for Plaintiff
Raymund A. Tauyan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAYMUND A. TAUYAN, | ) | CIVIL NO. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT; JURY |
| | ) | DEMAND; SUMMONS |
| vs. | ) | |
| | ) | |
| RELIABLE PARTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMPLAINT

COMES NOW, Plaintiff RAYMUND A. TAUYAN, by and through his attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendants, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff RAYMUND A. TAUYAN (hereinafter "TAUYAN") was at all times mentioned herein a resident of Honolulu, Hawaii and a citizen of the State of Hawaii.

2. Defendant RELIABLE PARTS, INC., (hereinafter "RELIABLE") is a foreign profit corporation incorporated in the State of Washington with a principal place of business in the State of Hawaii.

3. Plaintiff was hired by Defendant RELIABLE in May 2012, to work in its warehouse.

4. On November 20, 2018, Plaintiff was terminated from his position due to disability discrimination by Defendant RELIABLE by the refusal of Defendant to allow Plaintiff a continued medically necessary reasonable leave of absence, per the recommendation of his doctor, for his disability of heart failure after Plaintiff's request for leave.

## JURISDICTION

5. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990.

6. The administrative prerequisites for filing this cause of action have been fulfilled. A right-to-sue letter was issued by the Equal Employment Opportunity Commission ("EEOC") on September 17, 2019, which was received on or after September 18, 2019.

## STATEMENT OF FACTS

7. Plaintiff was hired by Defendant RELIABLE in May 2012.

8. In September 2018, Plaintiff was medically diagnosed with a disability. The disability is heart failure, which caused Plaintiff to be unable to work, for which he needed to take a leave of absence.

9. Plaintiff informed Defendant RELIABLE's management about his medical condition and inability to work, and requested leave as reasonable accommodation per his doctor's recommendation. The leave was allowed.

10. However, in October 2018, Defendant RELIABLE attempted to get Plaintiff to sign a resignation letter, which Plaintiff declined.

11. In October 2018, Plaintiff requested an additional month of leave for his disability.

12. Plaintiff also requested to file a Temporary Disability Insurance claim and was denied by Defendant RELIABLE.

13. In mid November 2018, Defendant RELIABLE insisted that Plaintiff provide medical documentation that would allow Plaintiff to return to work.

However, Plaintiff's doctor said he was not ready to return to work and needed to remain on leave.

14. Plaintiff returned to work, but was unable to perform his job duties at that time, and needed to continue his leave for medical reasons.

15. On November 20, 2018, Plaintiff was terminated from his position due to disability discrimination by Defendant RELIABLE by the refusal of Defendant to give Plaintiff a medically necessary reasonable leave of absence, per the recommendation of his doctor, for his disability of heart failure after Plaintiff's request for leave.

16. Prior to Plaintiff's leave and termination with Defendant RELIABLE, Plaintiff was a good worker in good standing with Defendant.

17. If not for Plaintiff's disability, and Defendant RELIABLE's refusal to give Plaintiff reasonable accommodations for his disability, Plaintiff would not have been terminated from employment.

## STATEMENT OF CLAIMS

## COUNT I - DISABILITY DISCRIMINATION

18. Plaintiff incorporates paragraphs 1 through 18, as though fully set forth herein.

19. The Americans With Disabilities Act of 1990 prohibits discrimination due to a disability, and to provide a reasonable accommodation to a person with a disability.

20. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

21. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

22. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

23. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and

loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

24. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

- A. For reinstatement of employment with Defendant RELIABLE with full benefits; and

- B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

- C. For special damages, including back pay, front pay and other expenses; and

- D. For punitive damages; and

- E. For attorney's fees, costs, and interest, including prejudgment interest; and

- F. For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, December 16, 2019.

    /s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Raymund A. Tauyan